O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 5, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Defendant's motion for summary judgment as to non-infringement and MOOTING Defendant's motion for summary judgment as to invalidity.**

    Pending before the Court is Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for summary judgment of non-infringement and invalidity of U.S. Patent No. 7,093,593. See Dkt. # 40. The Court finds the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion for summary judgment as to non-infringement and MOOTS the motion for summary judgment as to invalidity.

I.    Introduction

    This motion arises from the alleged infringement of U.S. Patent No. 7,093,593 B2 (the "'593 Patent"), which is directed to a floating solar pool heater. *Compl.* ¶ 10, *Mot.*1:3-7. Plaintiff filed a Complaint (Dkt. # 1) alleging, *inter alia*, that "Solar Pad," a floating solar pool heater sold by Wal-Mart (the "Accused Product") infringes on the claims of the '593 patent. *Compl.* ¶¶ 28-32. Wal-Mart answered the Complaint, asserting affirmative defenses of non-infringement and invalidity, among other defenses. Dkt. # 13; *Ans.* 10:25-11:6. On the same day, former Defendant General Foam Plastics Corp. ("General Foam") filed its Answer, asserting counterclaims for declaratory relief as to non-infringement and invalidity. Dkt. # 16. The parties stipulated to the dismissal of Defendant General Foam on June 22, 2012. Dkt. # 37.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 5, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

On August 13, 2012, Wal-Mart filed this motion for summary judgment, alleging that the Accused Product did not infringe on the '593 Patent, and that the '593 patent is invalid because it is obvious.  Dkt. # 40; *Mot.* 1:8-2:11.

II.     Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense.  *Id.*  The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit.  *See Anderson*, 477 U.S. at 249-50.  A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  A party may object that material cited would not be admissible in evidence.  *See id*; 56(c)(2).  Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated.  *See id*; 56(c)(4).

III.    Discussion

      A.     Non-Infringement

Wal-Mart explains that the Accused Product does not infringe on the '593 Patent because the Accused Product has no magnets, and every claim of the '593 Patent requires "magnet(ic) means." *Mot.* 1:8-11.  Additionally, Wal-Mart does not sell a "pool of liquid" with the Accused Product, and several claims of the '593 Patent recite a "pool of liquid." *Mot.* 1:11-13.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 5, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

On September 21, 2012, Plaintiff filed a notice of non-opposition to Wal-Mart's motion for summary judgment as to non-infringement, conceding the issue of infringement. *Notice* 2:2-5. Accordingly, Wal-Mart's motion for summary judgment as to non-infringement is GRANTED.

B. Invalidity

Plaintiff's notice of non-opposition argued that Wal-Mart's claims as to invalidity are moot. *Notice* 2:6-8. Wal-Mart disagrees, arguing that a finding of non-infringement does not render Wal-Mart's defense of invalidity moot. *Reply* 2:3-5. Wal-Mart relies heavily on *Cardinal Chem. Co. v. Morton Int'l* to argue that "it is the 'better practice' to decide the validity of a patent if the issue has been raised to the Court." *Reply* 2:17-18 (citing *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 100, 113 S. Ct. 1967 (1993)). However, Wal-Mart's reliance on *Cardinal Chem. Co.* is misguided. *Cardinal Chem. Co.* indicated that district courts have discretion as to whether to exercise jurisdiction over counterclaims that may appear to have been mooted by a finding of non-infringement. *Id.* at 94-95. However, *Cardinal Chem. Co.* explicitly held that there is a critical distinction between whether a court should exercise jurisdiction over a counterclaim and whether a court should exercise jurisdiction over an affirmative defense. *Id.* at 93-94 ("Our command that the validity decision be eliminated was similar to the Federal Circuit's mandate in the *Fonar* case (both cases suggest that an appellate court should vacate unnecessary decisions regarding patent validity), but the two cases are critically different. The issue of invalidity in *Electrical Fittings* was raised only as an affirmative defense to the charge that a presumptively valid patent had been infringed, not (as in *Fonar,* and as here) as a basis for a counterclaim seeking a declaratory judgment of patent invalidity. An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment.").

The cases Wal-Mart cites in its Reply recognize this distinction. Most notably, in *Multiform Desiccants, Inc. v. Medzam, Ltd.*, the Court held that it was "dispositive that [Defendant] did not file a counterclaim for a declaration of invalidity." 133 F.3d 1473, 1481 (Fed. Cir. 1998). The *Multiform* court relied on *Cardinal Chem. Co.*, recognizing that "the Court suggested that appellate review was unnecessary when the issue of validity was raised only as an affirmative defense." *Id.* (citing *Cardinal Chem. Co.*, 508 U.S. at 93-94). The *Multiform* court also recognized that while there is a useful general rule that trial courts should decide all litigated issues in the interest of finality, it is unnecessary to litigate the issue of validity where Defendant no longer has a justiciable interest in the outcome of the litigation. *Id.* A similar holding was reached in *Hill-Rom Co., Inc. v. Kinetic Concepts, Inc.*, also cited by Wal-

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 5, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

Mart. 209 F.3d 1337, 1344 (Fed. Cir. 2000) (finding no need "to vacate the district court's validity ruling or address that ruling on the merits" where the invalidity issue was raised only as an affirmative defense and the court's judgment did not include any reference to the issue of validity). *See also Boss Control, Inc. v. Bombardier Inc.*, 410 F.3d 1372, 1376 n.1 (Fed. Cir. 2005) (noting that district court properly granted summary judgment in favor of accused infringer where defendant only filed affirmative defenses and not counterclaims with respect to invalidity); *Watts v. XL Systems, Inc.*, 232 F.3d 877, 879 n.1 (Fed. Cir. 2000) (refusing to address accused infringer's alternative argument regarding invalidity after affirming summary judgment of non-infringement).

The counterclaim regarding invalidity was extinguished when General Foam was dismissed as a defendant. *See* Dkt. # 37. Wal-Mart has not asserted any counterclaims against Plaintiff and has only alleged invalidity in the form of an affirmative defense. Dkt. # 13; *Ans.* 10:25-11:6. The Court is persuaded by the Federal Circuit's exercise of discretion in such cases and similarly declines to exercise jurisdiction over the affirmative defense of invalidity.

IV.   Conclusion

Thus, based on the foregoing, the Court:

- GRANTS Wal-Mart's motion for summary judgment as to non-infringement.
- MOOTS Wal-Mart's motion for summary judgment as to invalidity.