O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | | Not Present | n/a |
| Deputy Clerk | | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Defendant's motion for summary judgment.**

Pending before the Court is Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart" or "Defendant") motion for summary judgment of non-infringement and invalidity of U.S. Patent No. D579,570. See Dkt. # 42. After considering the moving papers, opposing papers, and the arguments of counsel, the Court DENIES the motion for summary judgment as to both non-infringement and invalidity.

I.      Background

This case concerns the alleged infringement of U.S. Patent Nos. 7,093,593 (the "'593 Patent"), a utility patent, and D579,570 (the "'570 Patent"), a design patent for a "Floating Spa Cover" used to heat the water in a swimming pool. SUF 1. Solar Sun Rings ("SSR" or "Plaintiff") filed a Complaint (Dkt. # 1) against Wal-Mart alleging that "Solar Pad," a floating solar pool heater sold by Wal-Mart (the "Accused Product") infringes on the claims of the '593 patent and the '570 patent. *Compl*. ¶¶ 9, 15-16. Wal-Mart answered the Complaint, asserting affirmative defenses of non-infringement and invalidity, among other defenses. Dkt. # 13; *Ans*. 10:25-11:6. On the same day, former Defendant General Foam Plastics Corp. ("General Foam") filed its Answer, asserting counterclaims for declaratory relief as to non-infringement and invalidity. Dkt. # 16. The parties stipulated to the dismissal of Defendant General Foam on June 22, 2012. Dkt. # 37. Because General Foam was the only party that had asserted counterclaims, General Foam's dismissal led to the dismissal of the counterclaims as well.

In August, Wal-Mart filed a motion for summary judgment as to non-infringement and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

invalidity of the '593 Patent. Dkt. # 40. The motion was granted as to non-infringement and deemed moot as to invalidity because Wal-Mart had pled invalidity as an affirmative defense only and not as a counterclaim. *See* Dkt. # 52. Wal-Mart then filed this motion for summary judgment, alleging that the Accused Product did not infringe on the '570 Patent, and that the '570 Patent is invalid because it would have been anticipated by one of ordinary skill in the art and was obvious. Dkt. # 42; *Mot.* 22-25.

II.   Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See id.* at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.*; 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.*; 56(c)(4).

III.   Discussion

   A.   Infringement

Because the '570 patent is a design patent, this Court must follow a two-step analysis in determining infringement. "[F]irst, as with utility patents, ... the claim [must] be properly construed to determine its meaning and scope. Second, the claim as properly construed must be

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

compared to the accused design to determine whether there has been infringement." *Elmer v. ICC Fabricating, Inc.,* 67 F.3d 1571, 1577 (Fed. Cir. 1995) (citations omitted).

In construing design patents, courts consider the patent's claims, the specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc) *(*citations omitted). Courts may also consider "expert testimony, including evidence of how those skilled in the art would interpret the claims," as well as other extrinsic evidence. *Id.* (citation omitted). As design patents typically are claimed as shown in drawings, without any written description, the court's claim construction must be adapted accordingly. *See* 37 C.F.R. § 1.153(a).

Once the court has construed the patent's claims, it must compare the accused item to the patented design for overall visual similarity, to determine whether infringement has occurred. *Elmer,* 67 F.3d at 1577 (citing *Markman,* 52 F.3d at 976. The test for infringement has long been known as the "ordinary observer" test:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White,* 81 U.S. 511, 528 (1871). Complete similarity is not required to find infringement, and "minor changes in a design are often readily made without changing its overall appearance." *Id.* at 1117.

Likewise, if the overall impression of the designs is that they are dissimilar, infringement cannot be found based on similarity of specific features. *OddzOn Products, Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1405 (Fed. Cir. 1997). In applying the ordinary observer test, the court's analysis "is not limited to the ornamental features of a subset of the [design patent's] drawings, but instead must encompass the claimed ornamental features of all figures of a design patent." *Contessa Food Prods., Inc. v. Conagra, Inc.,* 282 F.3d 1370, 1379 (Fed. Cir. 2002), *abrogated by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed Cir. 2008). In *Egyptian Goddess*, the Court recognized that the "ordinary observer" test should be the sole test for determining whether a design patent has been infringed. 543 F.3d at 678 (abolishing the "point of novelty" test).

       1.     *Claim Construction*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

The construction of a design patent differs from the construction of a utility patent. With a utility patent, the court must "arrive[ ] at an understanding of the language as used in the patent and prosecution history." *Goodyear,* 162 F.3d at 1116 (quoting *Markman*, 52 F.3d at 981). With a design patent, claim construction "must be adapted to the practice that a patented design is claimed as shown in its drawing. There is usually no description of the design in words[.]" *Id.* at 1116 (citing 37 C.F.R. § 1.153(a)) ("No description, other than a reference to the drawing, is ordinarily required. The claim shall be in formal terms to the ornamental design for the article (specifying name) as shown, or as shown and described. More than one claim is neither required nor permitted.").

Here, the single claim of the '570 Patent reads: "The ornamental design for a floating spa cover, as shown and described." *Mot.*, Ex. 3 at 1, SUF 3. No other design is claimed in the '570 Patent. Because "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design," the court relies on illustrations that are contained in the '570 Patent. *Egyptian Goddess,* 543 F.3d at 679.

        2.     *The Ordinary Observer Test*

Infringement is a question of fact, and at trial, Plaintiff must prove infringement by a preponderance of the evidence. *See Richardson v. Stanley Works, Inc.,* 597 F.3d 1288, 1295 (Fed. Cir. 2010). At the summary judgment stage, however, the burden is on Defendant to show that there is no material issue of fact such that no reasonable juror could find by a preponderance of the evidence that the Accused Product infringes on Plaintiff's design patent. The Court applies the ordinary observer test to determine whether infringement occurred.

        a.     *Who is the "Ordinary Observer"?*

The primary inquiry is whether the overall visual similarity between the Accused Product and the '570 Patent would likely deceive an ordinary observer. The focus of the "ordinary observer" test "is on the actual product that is presented for purchase, and the ordinary purchaser of that product." *Goodyear,* 162 F.3d at 1117. "[T]he ordinary observer is not any observer but one who, with less than the trained faculties of the expert, is 'a purchaser of things of similar design,' or 'one interested in the subject.'" *Applied Arts Corp. v. Grand Rapids Metalcraft Corp.,* 67 F.2d 428, 430 (6th Cir. 1933).

Defendant argues that the ordinary observer "is a person having familiarity with floating

Case 2:11-cv-06990-PSG-SP Document 81 Filed 10/31/12 Page 5 of 12 Page ID #:1752

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

pool heater products as well as other relevant prior art." *Mot.* 17:1-3; *Kemnitzer Decl.* ¶ 29. It is important to acknowledge that the ordinary observer is not an expert; rather, the ordinary observer is "one who, though not an expert, has reasonable familiarity with such objects, and is capable of forming a reasonable judgment when confronted with a design therefore as to whether it presents to his eye distinctiveness from or similarity with those which have preceded it." *Id.;see also Goodyear,* 162 F.3d at 1116 ("[D]eception concerning the patented design is determined from the viewpoint of the person who is the ordinary purchaser of the article charged to be an infringement."). Thus, while not an expert, an ordinary observer would be one who has reasonable familiarity with solar pool heaters and could form an opinion as to infringement when confronted with prior art.

> b. *Would the Ordinary Purchaser of Floating Solar Pool Heaters be Deceived by the Similarities Between the Accused Product and the Patented Design?*

This question hinges on what sorts of things the ordinary purchaser examines when assessing the Accused Product.

According to Defendant, one evaluating the Accused Product would notice apparent differences. First, the Accused Product does not have 57 square quilted "pillows" formed by approximately 132 straight welds shown in the '570 Patent because the pattern on the central portion of the Accused Product is different. *Mot.* 18:3-10; *Kemnitzer Decl.* ¶¶ 50, 51, 54. Second, the '570 Design lacks the Gusset found in the Accused Product. *Mot.* 18:13-17, *Kemnitzer Decl.* ¶ 51. Third, the '570 Design has a differently proportioned peripheral ring than the Accused Product. *Mot.* 18:20-24. *Kemnitzer Decl.* ¶¶ 51, 55, 56. Plaintiff argues that comparisons of "similarities in the overall design, not of similarities in ornamental features considered in isolation [ ] should determine whether there has been infringement." *Opp.* 11:6-16 (quoting *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006)). Plaintiff argues that when an ordinary purchaser looks at the products, she "would be confused into thinking that the Accused Product is the same as the '570 Patent." *Opp.* 15:1-4.

This Court agrees with Plaintiff that the appropriate inquiry is whether the ordinary purchaser would look at the Accused Product, taken as a whole, and potentially be confused into thinking that the Accused Product is the same as the product described in the '570 Patent. *See Arner v. Sharper Image Corp.,* 1995 WL 873730 at *12 (C.D. Cal. Oct. 5, 1995) (The court "must consider the ornamental aspects of the design as a whole and not merely isolated portions of the patented design.") (citation omitted); *see also In re Blum,* 374 F.2d 904, 907 (C.C.P.A.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

1967) (finding that "[a] design is a unitary thing and all of its portions are material in that they contribute to the appearance which constitutes the design"). Moreover, it is important to recognize that the inquiry is not whether the Accused Product and design have "slight variances in configuration." *Gorham,* 81 U.S. at 527. Rather, the question is whether the two designs look substantially the same to the observer's eye. *Id.* Furthermore, "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, Inc. v. Int'l Trade Com'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

Here, the main distinction Defendant points to between the Accused Product and the '570 Patent, which it claims is magnified by an examination of the prior art, is that the circular welds in the Accused Product that create the pillowed design are different from the square pillows created by the '570 Patent. Wal-Mart introduces 15 prior art examples to highlight this distinction. Most notably, Wal-Mart focuses on the GP One Ring Pool and the Intex Pool, both of which have "the wide, square pillows of the '570 design" to argue that the ordinary observer would notice the Accused Product's "closely-spaced interconnected chamber design" as dissimilar from the "wide, square pillows" seen in the '570 design and the prior art. *Mot.* 19:17-24; *Kemnitzer Decl.* ¶ 69.

Plaintiff's expert, Hal Slater, explains that the circular welds Defendant claims are unique are not visible and would therefore not be represented or depicted in a design patent drawing. *Slater Decl.* ¶¶ 145, 146. Slater contends that the circular welds are so small that the ordinary observer does not see the welds and only sees the square pillows created by the welds, which are nearly identical to the pillows in the '570 Patent. *Slater Decl.* ¶ 141, 156, 185. Thus, in line with *Gorham*, a reasonable juror could find that what an ordinary observer would see (pillows) may be identical even though the configuration (circular welds vs. fused lines) would not be identical.

Defendant contends that it is improper to take the comparison of Plaintiff's expert into account because Plaintiff is not comparing the '570 Patent and the Accused Product, but rather is comparing Plaintiff's product and the Accused Product. However, "[a]lthough the court is generally to limit its consideration to a comparison of the patent holder's design patent and the allegedly infringing product, where 'no significant distinction in design has been shown between the patent drawing and its physical embodiment, it is not error for the court to view them both, and to compare the embodiment of the patented design with the accused devices.'" *Motorola Inc. v. Qualcomm Inc.*, No. 97-615J (RBB), 1997 WL 838877, *4 (S.D. Cal. Apr. 24, 1997) *aff'd sub nom. Motorola, Inc. v. Qualcomm, Inc.*, 135 F.3d 776 (Fed. Cir. 1998); *see also Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988); *cf. Payless Shoesource, Inc. v.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

*Reebok Intern. Ltd.*, 998 F.2d 985 (Fed. Cir. 2003) (finding it was an error to view both physical embodiments of shoes and patent designs because the physical embodiments had additional black coloring, an orange basketball on the tongue of the shoe, and the presence of the "PUMP" logo, which the designs did not have).

Drawing all reasonable inferences in favor of the Plaintiff, this Court concludes that a reasonable fact-finder could find by a preponderance of the evidence that an ordinary observer, taking into account the prior art, could believe the accused design to be the same as the patented design. *See Mondo Polymers Techn., Inc. v. Monroeville Indus. Moldings, Inc.*, No. 2:07-CV-1054, 2009 WL 3698432, at *4 (S.D. Ohio Nov. 3, 2009). Accordingly, Defendant's motion for summary judgment is DENIED as to non-infringement.

A. <u>Invalidity</u>

By direction of 35 U.S.C. § 282, an issued patent is presumed valid. Invalidity must be proven by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, — U.S. —, 131 S. Ct. 2238, 2242 (2011). "Thus, a moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise" as to any issues of fact. *McKesson Info. Solutions, Inc. v. Bridge Medical, Inc.*, No. Civ S-02-2669 FDC KJM, 2005 WL 1925899, at *1 (E.D. Cal. Aug. 10, 2005).

"Simply because the facts are undisputed does not make summary judgment appropriate. Instead, where divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper." *Miller v. Glenn Miller Prods.,* 454 F.3d 975, 988 (9th Cir. 2006). If Defendant satisfies this initial burden, Plaintiff must produce evidence such that a jury, drawing all inferences in favor of Plaintiff, could find that the claim at issue is neither obvious nor anticipated. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102–03 (9th Cir. 2000). If Plaintiff adduces such evidence, Defendant is not entitled to summary judgment of patent invalidity. Defendant argues that the patent is invalid in two ways: that it is anticipated and that it is obvious. Both will be considered in turn.

      *1.    Anticipation*

Because "'that which infringes, if later, would anticipate, if earlier,' the design patent infringement test also applies to design patent anticipation." *Door-Master Corp. v. Yorktowne, Inc.,* 256 F.3d 1308, 1312 (Fed. Cir. 2001) (quoting *Peters v. Active Mfg. Co.,* 129 U.S. 530, 537

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

(1889)). "That test requires the court to first construe the claimed design, if appropriate, and then to compare the claimed design to the article." *Id.* For anticipation or infringement of design patents, when courts compare the claimed design to either the accused design or prior art, they apply the "ordinary observer" test. *See Int'l Seaway Trading Corp. v. Walgreens Corp.,* 589 F.3d 1233, 1237-40 (Fed. Cir. 2010); *Egyptian Goddess,* 543 F.3d at 678.

The only difference between the test applied to anticipation and infringement is that in the case of infringement, courts compare the patented designed with the accused design, and in the case of anticipation, the patented design is compared with the alleged anticipatory reference. *Int'l Seaway,* 589 F.3d at 1238. "[T]he ordinary observer is deemed to view the differences between the patented design and the accused [or anticipatory] product in the context of the prior art." *Egyptian Goddess,* 543 F.3d at 676; *see Int'l Seaway,* 589 F.3d at 1239 (recognizing that *Egyptian Goddess* "refined" the ordinary observer test so that it applied to anticipation as well). Furthermore, the "proper inquiry" is "whether the accused [or anticipatory] design has appropriated the claimed design *as a whole.*" *Egyptian Goddess,* 543 F.3d at 677 (emphasis added); *see Amini Innovation,* 439 F.3d at 1371 ("It is noteworthy, however, that the deception that arises is a result of the similarities in the overall design, not of similarities in ornamental features in isolation.").

Much like anticipation for utility patents, "design patent anticipation requires a showing that a *single prior art reference* is 'identical in all material respects' to the claimed invention." *Door-Master,* 256 F.3d at 1312 (emphasis added) (quoting *Hupp v. Siroflex of Am., Inc.,* 122 F.3d 1456, 1461 (Fed. Cir. 1997)). Here, Defendant argues that the '570 Patent is anticipated by the GP One Ring Pool prior art reference. Defendant notes that the GP One Ring Pool contains the "square pillow pattern, the straight welds, and an outer ring . . . [t]hus, an ordinary observer familiar with these types of products would assume they were the same design, and the GP One Ring Pool therefore anticipates the '570 Patent claim." *Mot.* 22:17-21; *Kemnitzer Decl.* ¶¶ 78-81.

Plaintiff counters that Defendant has not shown that the '570 design is anticipated by the GP One Ring Pool prior art reference because the '570 design concerns a "floating spa cover" and the GP One Ring Pool concerns a "kiddy pool." According to Plaintiff, "[t]here is no way an ordinary observer would confuse a 'floating spa cover' with a Kiddy Pool.'" *Slater Decl.* ¶ 43; *Opp.* 18:17-21. Plaintiff goes on to explain that the products look different because they are designed for different purposes; because the spa cover is placed on the surface of pools and spas, its proportions vary significantly from a Kiddy Pool, which is designed to be filled with water so that a child can wade inside. *Slater Decl.* ¶ 44-46; *Opp.* 18:23-26. Defendants note that "in considering prior art references for purposes of determining patentability of ornamental designs,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

the focus must be on appearances and not uses." *In re Harvey*, 12 F.3d 1061, 1064 (Fed. Cir. 1993) (internal citations omitted). However, here, Plaintiff points to the different purposes as a rationale for the different proportions and ultimately different appearances. Because one design is built to be filled with water, it is deeper than the design that is built to be placed on the cover of pools and spas. Accordingly, a reasonable juror could find that the ordinary observer would not assume that the products were the same design.

Drawing all reasonable inferences in favor of the Plaintiff, this Court concludes that a reasonable fact-finder could find that Defendants have not proven by clear and convincing evidence that an ordinary observer, taking into account the prior art, would assume that the GP One Ring Pool and the '570 Patent claim were the same design.

        2.        *Obviousness*

Defendants also contend that Plaintiff's design patent is invalid because "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a) (1995). The Supreme Court has summarized the obviousness bar as follows:

> [I]f a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability. For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill.

*KSR Int'l Co. v. Teleflex, Inc.,* 550 U.S. 398, 417 (2007).

Ultimately, whether a patent is invalid under Section 103(a) is a question of law. *Petersen Mfg. Co. v. Central Purchasing, Inc.,* 740 F.2d 1541, 1548 (Fed. Cir. 1984). However, that legal determination is based on underlying factual inquiries. *KSR Int'l. Co. v. Teleflex, Inc.*, 550 U.S. 398, 427. To prevail on summary judgment, Defendant must show by clear and convincing evidence that no reasonable juror could find that the ordinary person of skill in the art would have been motivated to combine the prior art references. *See Kinetic Concepts, Inc., et al. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1367 (Fed. Cir. 2012). This factual inquiry is based on: (1) the level of ordinary skill in the art that someone would have claimed at the time of the invention, (2) the scope and content of the prior art, (3) the differences between the claimed invention and the prior art, and (4) objective evidence of nonobviousness. *McKesson Info.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

*Solutions, Inc. v. Bridge Medical, Inc.*, No. Civ.S-02-2669 FDC KJM, 2005 WL 1925899, at *1 (E.D. Cal. Aug. 10, 2005).

The first consideration in the analysis is the level of ordinary skill in the art that someone would have claimed at the time of the invention. For design patents, obviousness is determined from the vantage of the "designer of ordinary skill or capability in the field to which the design pertains." *L.A. Gear,* 988 F.2d at 1124. This hypothetical designer is presumed to have perfect knowledge of all pertinent prior art. *Tveter v. AB Turn-O-Matic,* 633 F.2d 831, 834 (9th Cir. 1980). The subjective knowledge of particular designers is not controlling. *Id.*

The second consideration in the analysis, the scope and content of the prior art, is based on "whether there is a reference to something in existence, the design characteristics of which are basically the same as the claimed design." *L.A. Gear, Inc. v. Thom McAn Shoe Co.,* 988 F.2d 1117, 1124 (Fed. Cir. 1993) (internal citations omitted). These prior art references may take the form of other patents, printed publications, or actual items which were in public use more than one year prior to the contested patent application. *In re Harvey,* 12 F.3d at 1065. Such references must have existed at the time of invention, and hindsight may not be used to determine that the challenged design was obvious. *Id.* Moreover, in conducting this analysis, the court must look at the design as a whole, rather than merely referencing its component parts. *Id.* If the prior art merely suggests "components of the [challenged] design, but not its overall appearance, an obviousness rejection is inappropriate." *Id.* at 1063.

The third consideration in the analysis is the difference, if any, between the prior art and the claimed invention. When analyzing this factor, courts may consider "opinion testimony by experts concluding that an invention would or would not have been obvious." *Petersen Mfg. Co. v. Central Purchasing, Inc.,* 740 F.2d 1541, 1548 (Fed. Cir. 1984). However, such opinions do not necessarily preclude the grant of summary judgment against the offering party because the obviousness of a design is a question of law for the court to resolve. *Id.*

Finally, the fourth consideration is whether there are any objective indicia of nonobviousness. As Plaintiff explains, prior to finding obviousness, a court must establish a rationale for combining prior art references. *Opp.* 21:9-13 (citing *In re Fine,* 837 F.2d 1071 (Fed. Cir. 1988)). The following factors can show motivation on part of the person of ordinary skill in the prior art to combine references: commercial success of a product due to the merits of the claimed invention, a long felt need for the solution that is provided by the claimed invention, unsuccessful attempts by others to find the solution that is provided by the claimed invention, copying of the claimed invention by others, unexpected and superior results from the claimed

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

invention, acceptance by others of the claimed invention as shown by praise from others in the field or from licensing of the claimed invention, and independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it. *See Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966); *see also Kinetic Concepts*, 688 F.3d at 1367.

      Here, Defendant argues that it would have been obvious to a person of ordinary skill in the art to combine the '882 Patent (another prior art reference), the Intex Pool and/or the GP One Ring Pool, and that such combination would look substantially similar to the '570 design. Wal-Mart argues that the central portions of the GP One Ring Pool and the Intex Pool are located near the bottom of the peripheral ring, while the '882 Patent, teaches a central portion aligned with the vertical mid-point of the peripheral ring. *Mot.* 24:15-18; *Kemnitzer Decl.* ¶¶ 79, 84, 86. According to Wal-Mart, a "person having skill in the art of floating pool devices would appreciate the advantages of designing a spa cover with a central portion located at the vertical mid-point of the device, such that the cover would be less orientation dependent." *Mot.* 24:18-21; *Kemnitzer Decl.* ¶¶ 88-89.

      Plaintiff argues that the alleged combination is improper because it is "based on selecting features from the prior art and assembling them to form an article similar in appearance to the claimed design." *Opp.* 20:13-15 (citing *In re Jennings,* 182 F.2d 207, 208 (C.C.P.A. 1950). Plaintiff presents the expert declaration of Mr. Slater, who asserts: "[t]he visual attributes of the [Plaintiff's design] have no connection to those of a Kiddy Pool. Additionally, Kiddy Pools have no place in a swimming pool or spa environment . . . there would be no reason for a design of pool covers to look like a Kiddy Pool for design ideas." *Slater Decl.* ¶¶ 76, 77, 96; *Opp.* 21:21-24.

      Plaintiffs present expert testimony that suggests that there is a material issue of fact as to whether one skilled in the art would have been motivated to combine the visual attributes of the Kiddy Pool with a spa cover. *Slater Decl.* ¶¶ 76, 77, 96; *Opp.* 21:21-24. Defendants have failed to show how there is no material issue of fact, and have failed to describe any secondary considerations that would have influenced the motivation to combine prior art references. *Graham,* 383 U.S. at 17-18.

      Thus, drawing all reasonable inferences in favor of the Plaintiff, this Court concludes that a reasonable fact-finder could find that Defendants have not proven by clear and convincing evidence that a person of ordinary skill in the art, taking into account the prior art, would have thought it obvious to combine the '882 Patent, the Intex Pool and/or the GP One Ring Pool.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6990 PSG (JEMx) | Date | October 31, 2012 |
|---|---|---|---|
| Title | *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc., et al.* | | |

Accordingly, Defendant's motion for summary judgment is DENIED as to invalidity.

IV.     Conclusion

       Thus, based on the foregoing, the Court DENIES Defendant's motion for summary judgment as to non-infringement; and DENIES Defendant's motion for summary judgment as to invalidity.